UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **GEORGE MURPHY,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**HANSEN AUTO TRANSPORT, INC., d/b/a HANSEN & ADKINS AUTO TRANSPORT**<br>**Defendant** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **No. 3:11-cv-00531** |

## ANSWER

Defendant Hansen Auto Transport, Inc., d/b/a Hansen & Adkins Auto Transport ("Hansen" or "Defendant"), answers Plaintiff's Complaint as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

1. The allegations of Paragraph 1 of the Complaint are admitted.

2. It is admitted that Hansen Auto Transport, Inc. is a foreign corporation registered to do business in the State of Tennessee and that its principal place of business is in California. It is denied that Hansen is incorporated in the State of Tennessee.

3. As to Paragraph 3, Defendant admits Plaintiff worked for Defendant from May 30, 2006 until he was discharged on August 23, 2010. Defendant admits that it has an office located at 480 Dick Buchanan Street in LaVergne, Tennessee. The remainder of the allegations or implications contained in Paragraph 3 are denied. To the extent this paragraph implies Defendant is liable in any way, it is denied.

4. As to Paragraph 4, Defendant admits that Plaintiff was employed by Defendant from May 30, 2006 until he was discharged on August 23, 2010. The remainder of the allegations or implications contained in Paragraph 4 are denied. To the extent this paragraph implies Defendant is liable in any way, it is denied.

5. It is denied that Plaintiff "satisfactorily performed his job duties" with Hansen. Plaintiff worked as an Auto Transport Driver for Hansen. His job was to operate the company's Auto Transporter loaded with vehicles for delivery to dealerships. After transporting the vehicles to the dealership, it was Plaintiff's job to unload the vehicles and drive them onto the dealership lot. On August 13, 2010, Plaintiff unloaded a Nissan Altima for delivery to Jim Keras Nissan and drove the car into the dealership's gate causing thousands of dollars of damage. Plaintiff was suspended for 3 days while the accident was investigated. Plaintiff was discharged after the investigation revealed the significance of the damage Plaintiff caused.

6. It is admitted that the United States District Court for the Middle District of Tennessee has jurisdiction pursuant to 28 U.S.C. §§1332 and 1441.

7. It is admitted that Plaintiff reported an injury that he claims occurred on or about December 9, 2008. Hansen provided Plaintiff with medical treatment for his claimed injury which was diagnosed as a labral tear of the right shoulder. It is admitted that Plaintiff claims his injury occurred in the scope of his employment. The remainder of the allegations or implications contained in Paragraph 7 are denied. To the extent this paragraph implies Defendant is liable in any way, it is denied.

8. It is admitted that Plaintiff reported an injury that he claims occurred on or about December 9, 2008, and that Hansen provided Plaintiff with medical treatment for his claimed injury. The remainder of the allegations or implications contained in Paragraph 8 are denied. To the extent this paragraph implies Defendant is liable in any way, it is denied.

9. It is denied that Plaintiff was wrongfully terminated. It is further denied that Plaintiff's termination had anything to do with his 2008 workers' compensation claim or any workers' compensation claim. Plaintiff was terminated in 2010, after he drove a vehicle into a Nissan dealership gate causing thousands of dollars of damage. It is denied that Plaintiff did not give a statement. Plaintiff is the one that told Hansen about driving the vehicle into the dealership's gate and completed the Driver's Statement of Facts submitted to Hansen. To the extent this paragraph implies Defendant is liable in any way, it is denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. It is admitted that Plaintiff makes certain averments in Paragraph 14 of the Complaint. It is denied that Defendant violated any law or that Defendant is liable to Plaintiff in any way.

15. Defendant denies any allegations or inferences of wrongdoing or illegality, and denies that Plaintiff is entitled to any relief whatsoever.

16. Defendant denies any allegations or inferences of wrongdoing or illegality, and denies that Plaintiff is entitled to any relief whatsoever.

17. The remainder of the Complaint consists of a prayer for relief, which requires neither admission nor denial. Defendant denies any allegations or inferences of wrongdoing or illegality, and denies that Plaintiff is entitled to any relief whatsoever.

18. Any Complaint allegations not expressly admitted herein are hereby denied in their entirety.

**THIRD DEFENSE**

Plaintiff may be estopped from asserting all or some of his claims since the position Plaintiff now finds himself in is due to his own acts.

**FOURTH DEFENSE**

To the extent evidence is acquired after Plaintiff's employment ended which would provide a basis for his termination, Plaintiff is barred from recovery.

**FIFTH DEFENSE**

Plaintiff's retaliation claim fails because there is no causal connection between any claim for workers' compensation benefits or workers' compensation claim and his termination.

**SIXTH DEFENSE**

Plaintiff's Complaint, or portions thereof, may be barred by the exclusivity provision of Tennessee's Workers' Compensation Law, Tenn. Code Ann. § 50-6-108.

**SEVENTH DEFENSE**

Plaintiff cannot prove the claim for workers' compensation benefits was a substantial factor in the employer's motivation to terminate his employment.

**EIGHTH DEFENSE**

To the extent Plaintiff failed to mitigate his alleged damages, such failure bars, or at least reduces, recovery of such damages.

**NINTH DEFENSE**

Plaintiff's Complaint is inadequate as a matter of law to support a claim for punitive damages.

**TENTH DEFENSE**

Defendant requests a jury of twelve in the event this matter proceeds to trial.

## ELEVENTH DEFENSE

Because no discovery has yet occurred in this action, Defendant reserves the right to assert further defenses as appropriate.

WHEREFORE, Defendant requests the Court dismiss Plaintiff's claims and award Defendant its costs and attorneys' fees incurred in defending the instant action, as well as any other appropriate relief.

Date: June 10, 2011

Respectfully submitted,

/s/ Marcia McShane Watson

William A. Blue, Jr. BPR # 10378
Marcia McShane Watson BPR #20878

Attorneys for Defendant
**CONSTANGY, BROOKS & SMITH, LLP**
401 Commerce Street, Suite 700
Nashville, TN 37219
615/ 320-5200
615/ 321-5891 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served via the Court's electronic notification process and/or the United States mail, postage prepaid, to the following individual on June 10, 2011:

Robert J. Foy
620 North Walnut Street
Murfreesboro, TN 37130

/s/ Marcia McShane Watson